UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MARY C. RANDALL,**

                               **Plaintiff,**

v.    6:17-CV-0013 (BKS/TWD)

**AMICA MUTUAL INSURANCE COMPANY,
TROOPER J. VARGO, JUDGE TRACEY CARROL,
THE HONORABLE SHILVA V. HODGES, and THE
HONORABLE J. MICHELLE CHILDS,**

                               **Defendants.**

_____

**Appearances:**

Mary C. Randall
Wells, NY
*Plaintiff pro se*

James A. Resila
Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C.
20 Corporate Woods Boulevard
Albany, NY 12211-2396
*For Defendant Amica Mutual Insurance Company*

Dan D. Kohane
Hurwitz & Fine, P.C.
1300 Liberty Building
Buffalo, NY 14202-2699
*For Defendants Trooper J. Vargo and Judge Tracey Carroll*

Grant C. Jaquith
Acting United States Attorney
Charles E. Roberts
Assistant United States Attorney
100 South Clinton Street
Syracuse, NY 13261
*For Defendants The Honorable Shiva V. Hodges and The Honorable J. Michelle Childs*

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

This action, brought by pro se Plaintiff Mary C. Randall, stems from a motor vehicle accident that occurred in Aiken, South Carolina on January 30, 2015.  (Dkt. No. 7).  Following that accident, Plaintiff filed a complaint in the United States District Court for the District of South Carolina against two individual employees of her automotive insurer, Amica Mutual Insurance Company ("Amica").[1]  *See Randall v. Tierney*, No. 1:16-cv-00255-JMC, 2017 WL 2457264, 2017 U.S. Dist. LEXIS 87113 (D.S.C. June 7, 2017).  There, proceeding pro se, Plaintiff alleged, *inter alia*, that Amica and its employees, motivated by their bias against Plaintiff as a New York resident, wrongfully determined that she was liable for the accident in breach of the terms of Plaintiff's insurance policy.  *Randall v. Tierney*, No. 1:16-cv-00255-JMC (D.S.C. Jan. 30, 2015), ECF No. 1.[2]  Plaintiff sought an order declaring her not liable for the accident, as well as monetary damages, on the grounds of breach of contract with a fraudulent act, bad faith, and fraud.  *Id.*  On January 11, 2017, United States Magistrate Judge Shiva Hodges issued a nine-page Report and Recommendation ("Report") recommending that the court grant defendants' Rule 12(b)(6) motion to dismiss and dismiss Plaintiff's amended complaint with prejudice.  See *Randall v. Tierney*, No. 1:16-cv-00255-JMC, ECF No. 60.

---

[1] Although not Amica was not a named defendant in the South Carolina action, because Plaintiff's claims appeared to be against Amica, and based upon her expressed intent to amend, the District of South Carolina court addressed Amica's liability.  *See Randall v. Tierney*, No. 1:16-cv-00255-JMC, 2017 WL 2457264, 2017 U.S. Dist. LEXIS 87113 (D.S.C. June 7, 2017) ("Plaintiff Mary C. Randall . . . filed a *Pro se* insurance claim . . . against Amica Insurance Company . . . .").

[2] This Court takes judicial notice of the pleadings in Plaintiff's action brought in the District of South Carolina.  *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of pleadings in other litigation as public record pursuant to Fed. R. Evid. 201(b)); *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 313 n. 7 ("The Court may take judicial notice of pleadings filed in other cases in deciding a motion to dismiss without converting that motion into a motion for summary judgment.").

Magistrate Judge Hodges' Report found that, because Plaintiff's policy with Amica "unambiguously [gave] Amica the right to settle a claim against Plaintiff" and Plaintiff did not dispute the validity of the clause, Plaintiff failed to plead the necessary facts required to state a claim for breach of contract. *Id.* at 5–6. Similarly, Magistrate Judge Hodges found that, although Plaintiff generally alleged that defendants lied to her, Plaintiff failed to plead any facts showing that Amica's liability determination was fraudulent, unreasonable, or made in bad faith. *Id.* at 6–8. On June 7, 2017, United States District Court Judge J. Michelle Childs issued an Order and Opinion accepting Magistrate Judge Hodges' recommendation, and dismissed Plaintiff's amended complaint with prejudice. *Randall v. Tierney*, No. 1:16-cv-00255-JMC, 2017 WL 2457264, 2017 U.S. Dist. LEXIS 87113 (D.S.C. June 7, 2017), *reconsideration denied*, No. 1:16-cv-00255-JMC, 2017 WL 3033297, 2017 U.S. Dist. LEXIS 111279 (D.S.C. July 18, 2017).

On January 5, 2017, before her South Carolina action was dismissed with prejudice, Plaintiff filed the instant Complaint under 42 U.S.C. §§ 1983 and 1985, seeking injunctive relief and monetary damages arising out of the South Carolina accident, Amica's liability determination, and the subsequent adjudication of her litigation in the District of South Carolina. Plaintiff alleges, *inter alia*, that the Defendants, as residents of South Carolina, discriminated against her on the basis that she is a resident of New York. (Dkt. No. 1). In her Amended Complaint, Plaintiff has named as defendants not only Amica, but also South Carolina State Trooper J. Vargo, who responded to the scene of the accident and issued a ticket to Plaintiff for improperly changing lanes; South Carolina State Magistrate Judge Tracey Carroll, who oversaw the ticket to which Plaintiff pleaded "no contest"; United States Magistrate Judge Shiva Hodges,

who recommended that Plaintiff's South Carolina complaint be dismissed; and United States District Judge J. Michelle Childs, who accepted that recommendation. (Dkt. No. 7).

In the Amended Complaint, Plaintiff identifies three "causes of action": (1) seeking a change of venue from South Carolina to this district; (2) seeking to be found "not liable" by Amica; and (3) "summary judgment in NDNY courts." (*Id.*). Plaintiff seeks: (i) an order declaring that she is not liable for the 2015 motor vehicle accident; (ii) transfer of her District of South Carolina action to this Court; (iii) "awards of Compensatory damage, Punitive Damages, [her] pro-se attorney fees and all other expenses"; and (iv) "[t]he total expense of placing Security cameras around where [she] live[s] for security reasons." (*Id.* at 4). Presently before the Court are Defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction) and 12(b)(6) (failure to state a claim). (Dkt. Nos. 9, 12, 25, 34). Plaintiff opposes the motions to dismiss. (Dkt. Nos. 38, 39, 40, 59). For the reasons that follow, Defendants' motions to dismiss are granted and the Amended Complaint is dismissed.

## II. BACKGROUND

The Amended Complaint, liberally construed, contains the following allegations.[3] On January 30, 2015, Plaintiff, a resident of New York, was involved in a two-car motor vehicle collision in Aiken, South Carolina. (Dkt. No. 7, at 8). Plaintiff states that she was "hit on the side, [her] brakes were on . . . which turns out did not at all effect whether the other driver would have hit [her] or not." (*Id.* at 2). Plaintiff asserts that the "witness/other driver," who spoke to the "officer" at the scene of the collision "could not see where she hit me as clearly her car and the black box show side hit which no one will admit." (*Id.* at 5). South Carolina State Trooper J. Vargo responded to the accident, completed a traffic collision report identifying Plaintiff as a

---

[3]The allegations in the Amended Complaint are assumed to be true for the purposes of this decision. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

4

contributor to the collision, and issued a ticket to Plaintiff for an improper lane change. (*Id.* at 16–17). Trooper Vargo determined that the other driver was not a contributor to the collision. (*Id.*). The other driver and her two children, who were passengers in the other vehicle, were taken to the hospital by ambulance. (*Id.* at 8). Following the accident, Plaintiff hired an attorney, pleaded no contest to the citation before South Carolina State Magistrate Judge Tracey Carroll, had two points added to her driving record, and paid a fine of thirty dollars on April 21, 2015. (*Id.* at 7, 34–35).

Plaintiff was insured under an Amica automobile liability policy issued in Albany, New York. (*Id.* at 7–9). Although Plaintiff attempted to prove her "facts to Amica . . . Amica only followed other defendants [sic] fabrications (as [her] facts disprove their allegations of the accident) instead of honoring or even responding to my facts . . . [and] did nothing to prove my side of the accident." (*Id.*). Plaintiff claims that Amica "fraudulently" found her liable for the car accident even though she "was hit in the median" with her "brakes on" and "accelerator off" and "did not cause the accident." (*Id.* at 6, 9). Amica falsely decided, without evidence, that Plaintiff had caused the accident. (*Id.* at 11-12). Plaintiff disagreed with Amica and submitted data from the "black box" in her Toyota Prius to Amica. (Dkt. No. 7, at 11). The black box data showed that Plaintiff was traveling to the left and forward at a rate of 16.2 miles per hour—with the breaks applied and the accelerator off—immediately prior to a collision to the right side and rear of her vehicle. (*Id.* at 24–29).

Plaintiff alleges that Magistrate Judge Hodges and Judge Childs willfully ignored Plaintiff's factual allegations in her South Carolina action, allegedly motivated by Plaintiff's status as a resident of New York. (*Id.* at 12–14). Plaintiff disagrees with the South Carolina court's dismissal of her action, and alleges that she has not received an "honest review of the

5

facts" that she claims demonstrate that she is not liable for her January 30, 2015 motor vehicle collision. (*Id.* at 14). Plaintiff argues that the South Carolina defendants "discriminated against" her on the basis of "Race/ethnicity fact/natural origin, other driver race is a U, while I am considered W, and obvious my address is listed as New York." (*Id.* at 6). There is no further elaboration of Plaintiff's race, ethnicity, or national origin or any facts concerning discrimination based on race, ethnicity, or national origin.

### III.  DISCUSSION

#### A.  Motion to Dismiss—Rule 12(b)(2)

Judge Childs, Magistrate Judge Hodges, Judge Carroll, and Trooper Hodges (the "South Carolina Defendants") move to dismiss for lack of personal jurisdiction (Dkt. Nos. 34-1, 25-1, 9-3). "A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Entm't, Inc. v. Centennial Pictures, Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)). To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must make a prima facie showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). "Prior to discovery, a plaintiff can defeat a Rule 12(b)(2) motion to dismiss by pleading 'good faith, legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction.'" *Kiobel v. Royal Dutch Petroleum Co.*, No. 02 Civ. 7618 (KMW) (HBP), 2010 WL 2507025, at *7, 2010 U.S. Dist. LEXIS 61452, at *29 (S.D.N.Y. June 21, 2010) (quoting *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998)).

"In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules if the federal statute does not specifically provide for national service of process." *PDK Labs, Inc. v. Friedlander*, 103 F.3d

6

1105, 1108 (2d Cir. 1997) (internal quotation marks omitted).  New York's long-arm statute provides that courts may exercise personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person . . . within the state" if he or she:

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a)(3).  Here, Plaintiff fails to allege any facts indicating that the South Carolina Defendants regularly engage in a "persistent course of conduct," derive "substantial revenue" from goods or services rendered in New York, or derive "substantial revenue from interstate or international commerce." *Id*.

Even if Plaintiff could show that New York allowed for personal jurisdiction, there is no basis on which to find that she could satisfy the due process test for personal jurisdiction, which has two parts: "the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *Waldman v. Palestine Liberation Organization*, 835 F.3d 317, 331 (2d Cir. 2016).  The court must first determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction.  *Id.*  The reasonableness inquiry asks "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable under the circumstances of the particular case."  *Id.* (quoting *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 754 (2014)).  Plaintiff presents no arguments or allegations showing the South Carolina Defendants' contacts with New York or that personal jurisdiction is otherwise reasonable under the circumstances of this case. *See Smith v. United States*, No. 1:12-CV-00846 LEK, 2012 WL 6597835, at *4, 2012 U.S. Dist. LEXIS 178419, at *11 (N.D.N.Y. Dec. 18, 2012) (finding that the court "clearly lacks personal jurisdiction over the

7

New Hampshire Defendants under both prongs of the jurisdictional inquiry," in § 1983 action where the plaintiff alleged no facts indicating the New Hampshire defendants had a connection with the State of New York), *aff'd and remanded on different grounds*, 554 F. App'x 30 (2d Cir. 2013). Accordingly, there is no basis for personal jurisdiction over the South Carolina Defendants.[4] *Waldman*, 835 F.3d at 332–33.

### B.     Motion to Dismiss—Rule 12(b)(6)

Defendant Amica moves to dismiss under Rule 12(b)(6), asserting that Plaintiff has failed to state a claim for relief under either 42 U.S.C. §§ 1983 or 1985, and, in the alternative, that Plaintiff's claims are barred by the principles of res judicata. (Dkt. No. 12-2, at 5–9). To survive dismissal under Rule 12(b)(6), "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014). Since Plaintiff is proceeding pro se, the Court must also liberally construe the Amended Complaint in her favor. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

### 1.     Plaintiff's 42 U.S.C. §§ 1983 and 1985 Claims

"To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana–Bernier*, 752 F.3d

---

[4] Judges Childs, Hodges, and Carroll also move to dismiss on the basis that Plaintiff's claims against them are barred by judicial immunity. (Dkt. Nos. 34-1, 25-1). Trooper Vargo moves to dismiss on the grounds of both Eleventh Amendment immunity and qualified immunity. (Dkt. No. 9-3). Having concluded, however, that there is no personal jurisdiction over any of the South Carolina Defendants, the Court does not reach these issues.

224, 229 (2d Cir. 2014). In this case, Plaintiff has brought a claim against a private insurance company, not a state actor, and does not allege that Defendant Amica was acting under color of state law. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law."); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotations and citations omitted)). Nor does Plaintiff allege that Defendant Amica was acting in a joint activity or conspiracy with any state actor to violate her constitutional rights. *See Carrillos v. Inc. Vill. of Hempstead*, 87 F. Supp. 3d 357, 371 (E.D.N.Y. 2015) ("A private actor may be considered to be acting under the color of state law for purposes of Section 1983 if [it] was 'a willful participant in joint activity with the State or its agents.' This potential liability under Section 1983 also applies to a private party who conspires with a state official to violate the plaintiff's constitutional rights." (quoting *Ciambriello*, 292 F.3d at 324) (internal citation and quotation marks omitted)). Thus, the Amended Complaint fails to adequately state a claim under § 1983 and must be dismissed.

To state a claim under § 1985(3), a plaintiff must allege that (1) she was a member of a protected class, (2) that the defendants conspired to deprive her of her constitutional rights, (3) that the defendants acted with class-based, invidiously discriminatory animus, and (4) that she suffered damages as a result of the defendants' actions. *See United Brotherhood of Carpenters & Joiners, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 834–39 (1983); *Gleason v. McBride*, 869 F.2d 688, 694–95 (2d Cir. 1989). Plaintiff has failed to adequately allege the second, third, and fourth elements necessary to state a claim under § 1985(3). Plaintiff claims that she was discriminated on the basis that she is "considered W." (Dkt. No. 7, at 6). Plaintiff's allegation

that she was subjected to discrimination upon the impermissible consideration of race is sufficient to establish that she is a member of a protected group. *See Sims v. Nichols*, No. 3:12-CV-0205 (TJM/DEP), 2013 WL 3207252, at *11, 2012 U.S. Dist. LEXIS 188568, at *35 (N.D.N.Y. May 18, 2012) (Peebles, Mag. J.) (holding that "the allegation that [plaintiff] was subjected to discrimination on the basis of race" supplies "a basis for a claim that he was treated differently based upon an impermissible consideration"), *adopted by* 2013 WL 3207129, 2013 U.S. Dist. LEXIS 88242 (N.D.N.Y. June 24, 2013); *Caidor v. Onondaga Cty.*, No. 5:03-CV-00031 (NPM), 2006 WL 2595202, at *12, 2006 U.S. Dist. LEXIS 64664, at *36–38 (N.D.N.Y. Sep. 11, 2006) (McCurn, S.J.).  However, Plaintiff has failed to plausibly allege that a conspiracy existed.  She admits that, aside from Amica, "[t]he other defendants are not [her] main concern, in all honesty," and that she included the non-Amica Defendants only because "42 U.S.C. 1985 is more than 2, so therefore [she] had to include them as Defendants." (*Id.*).  Indeed, the Amended Complaint does not allege any facts from which one can infer that any of the Defendants entered into any agreement to take any action to violate Plaintiff's rights. *See Webb v. Goord*, 340 F.3d 105, 110 (2d Cir.2003) ("[A] plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end."(internal quotation marks omitted)).  "Conclusory allegations are not sufficient to state a claim . . . under Section 1985." *Di Costanzo v. Henriksen*, No. 94 Civ. 2464 (MGC), 1995 WL 447766, at *3, 1995 U.S. Dist. LEXIS 10540, at *10–11 (S.D.N.Y. July 26, 1995).

Furthermore, the Amended Complaint fails to allege any facts indicating that she was deprived of a constitutional right, that any such deprivation was motivated by racial animosity, or that she suffered any damages as a result of any racially motivated deprivation.  Even when

10

liberally construed, the Amended Complaint fails to plausibly allege a federal constitutional or statutory violation, but instead merely alleges that Amica improperly determined she was liable for the accident at issue. The Amended Complaint therefore fails to state a claim under § 1985(3) and must be dismissed.

### 2. Res Judicata

"A court may consider a res judicata defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014); *see also Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) ("Generally res judicata is an affirmative defense to be pleaded in the defendant's answer. However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer." (citations omitted)). "The doctrine of res judicata is based on the theory that a judgment reached on the merits bars subsequent actions between the same parties or privies based on the same cause of action." *Cascio v. Nettles*, No. 8:09-CV-1128 (GTS/DRH), 2011 WL 3847337, at *4, 2011 U.S. Dist. LEXIS 97200, at *16 (N.D.N.Y. Aug. 30, 2011). "To prove that a claim is precluded under this doctrine, 'a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). "The third element is further analyzed under the 'transactional test' . . . which applies three inquiries: (1) whether the underlying facts are 'related in time, space, origin, or motivation;' (2) whether the underlying facts 'form a

convenient trial unit;' and (3) whether their 'treatment as a unit conforms to the parties' expectations.'" *Robinson v. Purcell Const. Corp.*, 647 F. App'x 29, 30 (2d Cir. 2016) (quoting *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 280 (2d Cir. 2008)).

Considering each element in turn, first, Plaintiff's South Carolina action was adjudicated on the merits when her amended complaint was dismissed with prejudice on June 7, 2017. *See Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991) ("A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action." (quoting *Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986)).[5]

Second, although Plaintiff brought her South Carolina against two named employees of Amica, the District of South Carolina and the parties proceeded under the assumption that Plaintiff's claims brought in the South Carolina action were against Amica itself. *See Randall v. Tierney*, No. 1:16-cv-00255-JMC, ECF No. 35 at 1 (Plaintiff stating that the "evidence given to prove Beyond the PONDERANCE [sic] of a DOUBT that AMICA failed to follow through with their contract"); *id.*, ECF No. 50 at 5 (defendant stating that plaintiff's "Amended Complaint fails to state a claim against Amica, and . . . should be dismissed"); *id.*, ECF No. 60 at 4 (district court stating that "Plaintiff fails to challenge the Magistrate Judge's conclusion that she did not allege any facts that constituted a breach of contract . . . claim against Amica"). Regardless, even assuming that Amica was not properly considered a defendant in the South Carolina litigation, "*res judicata* may . . . be asserted by a party that is in privity with a party to an earlier action" where "the interests of the defendant were adequately represented in the earlier action."

---

[5] The fact that the South Carolina court issued its dismissal with prejudice after Plaintiff filed her Amended Complaint before this Court is irrelevant. "In order that a final judgment shall be given res judicata effect in a pending action, it is not required that the judgment shall have been rendered before that action was commenced." Restatement (Second) of Judgments § 14 (1982).

*Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320, 328 (S.D.N.Y. 2008) (brackets and internal quotation marks omitted).  Privity exists because Amica's interests were identical to, and adequately represented by, the defendant employees in the South Carolina action.  "Indeed, courts have long recognized that privity exists between employees and their employers for res judicata purposes." *Reininger v. N.Y.C. Transit Auth.*, No. 11-CV-7245 (DAB), 2016 U.S. Dist. LEXIS 183324, at *12 (S.D.N.Y. Dec. 22, 2016).[6]  Accordingly, "Plaintiff's addition of new defendants . . . does not entitle [her] to revive the previously-dismissed claims." *Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003).

Finally, the claims contained in both the South Carolina litigation and the Amended Complaint are based on precisely the same set of underlying facts surrounding Plaintiff's January 30, 2015 automobile collision and Amica's subsequent liability determination.[7]  *See, e.g.*, *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 206 (2d Cir. 2002) (upholding district court's determination that plaintiff's second action was barred as res judicata because the "factual predicates of plaintiff's allegations in the first and second complaints involve[d] the same events"); *Marshall v. Nat'l Ass'n of Letter Carriers BR36*, 2004 WL 2202575, at *3, 2004 U.S. Dist. LEXIS 19599, at *9 (S.D.N.Y. Sep. 29, 2004) (holding that, because plaintiff's "claims arose out of the same events as [prior litigation], . . . res judicata applies regardless of whether Plaintiff was in the process of exhausting" another claim elsewhere).

---

[6] No Westlaw citation available.

[7] *Compare Randall v. Tierney*, 1:16-cv-00255-JMC, ECF No. 35 at 1–4 (alleging, *inter alia*, that Amica had "NO FACTS to show WHY [she] should have been found LIABLE for an ACCIDENT WHERE [she] WAS HIT ON THE SIDE" and that Amica's actions were "RACIAL . . . towards the [New Yorker] or anyone not living in SC"), *with* Dkt. No. 7 at 6 (alleging that Amica "FRAUDULENTLY [found her] LIABLE FOR A CAR ACCIDENT WHERE [she] WAS HIT IN THE MEDIAN," conspired "against [her] rights as [she] was a New Yorker who got hit in SC," and "OPENLY DISCRIMINATED AGAINST [her] FOR BEING A NEW YORKER (Yankee?)").

The instant action against Amica is therefore barred by the doctrine of res judicata. Plaintiff may not relitigate her claims against Amica in this forum simply because she is dissatisfied with the outcome of her original litigation.

## IV.   AMENDED COMPLAINT

Rule 15(a)(2) instructs that "courts should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "'A pro se complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). The Second Circuit has identified the following principles as governing a court's determination as to whether to allow a pro se litigant to amend: "that motions to amend should be granted freely in the interests of justice, that a pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once, and that a pro se plaintiff's proposed amended complaint should be construed to raise the strongest arguments it suggests." *Id.* at 140.

Having considered these principles, and having construed the Amended Complaint to raise the strongest arguments it suggests, the Court nevertheless concludes that amendment would be futile. There are no facts in any of Plaintiff's submissions that suggest that the jurisdictional deficiencies discussed above with regard to the South Carolina Defendants can be cured. *Pudlin v. Office for (Not of) Civil Rights of the United States Dep't of Educ.*, 186 F. Supp. 3d 288, 295 (S.D.N.Y. 2016) ("Leave to amend would be futile in this case, for the subject matter jurisdiction deficiencies discussed above are substantive and cannot be cured."). Furthermore, Plaintiff has identified no additional facts in her Complaint, Amended Complaint, or subsequent filings before this Court against Amica that were not already pleaded in her South

Carolina action. No amendment can change the fact that the claims and allegations raised against Amica here were already adjudicated on the merits in the District of South Carolina. *See Grullon*, 720 F.3d at 140 ("Leave to amend may properly be denied if the amendment would be futile.") (internal quotation marks and brackets omitted). Accordingly, the Amended Complaint is dismissed without leave to amend.

## V. CONCLUSION

For these reasons, it is

**ORDERED** that the motions of Defendants Vargo, Carroll, Hodges and Childs to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction (Dkt. Nos. 9, 25, 34) are **GRANTED**; and it is further

**ORDERED** that the motion of Defendant Amica to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that, as to Defendants Vargo, Carroll, Hodges, and Childs, the Amended Complaint (Dkt. No. 7) is **DISMISSED without prejudice**;[8] and it is further

**ORDERED** that, as to Defendant Amica, the Amended Complaint (Dkt. No. 7) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Date:   September 22, 2017
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[8] "[D]ismissal for want of personal jurisdiction is without prejudice." *Smith v. United States*, 554 F. App'x 30, 32 (2d Cir. 2013).